The defendant Clairol, Inc., demurs to the first count of the plaintiff's complaint in that it fails to state a cause of action since said count *Page 210 
alleges breach of warranty and there is no privity of contract between the plaintiff and the defendant Clairol, Inc.
Our Supreme Court stated in Borucki v. MacKenzieBros., Inc., 125 Conn. 92, 96: "`The implied warranty, or to speak more accurately the implied condition of the contract, to supply an article fit for the purpose required, is in the nature of a contract of personal indemnity with the original purchaser. It does not "run with the goods."' . . . `There cannot be a warranty where there is no privity of contract.'" This principle of law has been upheld in later cases in our jurisdiction.
The plaintiff cites recent cases in other jurisdictions which have abandoned the basic rule of law and cites in particular the case of Rogers v. ToniHome Permanent Co., 167 Ohio St. 238, 244. The underlying theory advanced by the Ohio decision seems to be that privity in fact is found in the methods of modern merchandising, where the advertisements and representations of the manufacturer are aimed directly at the consumer. The decision blazed a new trail in Ohio, and the court acknowledged as much in its opinion. Historically, an action for breach of warranty sounded in tort, being regarded as an action on the case for deceit. 1 Williston, Sales (Rev. Ed.) § 195. With the later development of assumpsit as a general contractual remedy, warranty actions came to be regarded as contractual in nature, and in 1778 it was held for the first time that assumpsit was the proper form of action for breach of warranty. Prosser, Torts (2d Ed.) § 83. Out of this change in the theory of the action arose the requirement of privity of contract in actions for breach of warranty.
Since the decision of MacPherson v. Buick MotorCo., 217 N.Y. 382, the requirement of privity in negligence *Page 211 
cases has all but disappeared, having been repudiated altogether in some jurisdictions and so riddled with exceptions as to be of little force in others. See note, 164 A.L.R. 569. However, the majority of courts still require privity in an action on a warranty and refuse to extend the strict liability of implied warranty to persons other than the immediate buyer. An exception to the requirement of privity is sometimes recognized in cases involving the sales of foodstuffs. See General Statutes § 42-16.
The decision of Spence v. Three Rivers Builders Masonry Supply, Inc., 353 Mich. 120, would seem to do away with the privity requirement and place Michigan in line with the trend of not requiring privity of contract in warranty actions and in line with the historical tort basis of warranty, which does not seem to justify the privity requirements. It is urged by the plaintiff that this position would provide the manufacturers with incentive for using the greatest possible care and at the same time would provide maximum protection for the ultimate consumer.
In effect, the plaintiff seeks to have this court disregard the present principle of law as enunciated by our Supreme Court and hold the manufacturer strictly liable, making him in effect a guarantor of his product. This the court cannot do; it is bound to recognize the existing laws of the state until such time as our Supreme Court or the legislature changes or interprets the existing law differently.
 Accordingly, the demurrer is sustained.